UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

-----------------------------------------------------------------x   Misc. No.  M _____

In Re: Application of Employers International, Amber Cape Productions, LLC, A.S. Sawhney, Baldocchi & Sons, Inc. DBA Pacific Nurseries, Barnes Yard Inc., Beamus, LP, William P Wheeler Revocable Trust, Bradford Black, Brian S. Grossman, BRS Architects, Charles Brooks, Christopher P. Raggio, CLIA, Inc., Craig Frank Ltd, Daniel J. Olsen, Daniel P. Buttafuoco, Darrell W. Daugherty, Douglas J. Spriggs, Dr M. Burger, Dunbar Construction, Earthworks Recycling, Inc., Felix O. Sogade, Gerardo Aguirre, Gregory Smith, Herman A. Carstens, Howard Merritt, Infinity Stairs, Inc., Janelle Jones, Kenneth Grabow, Law Practice Management Consultants, LLC, Lawrence L. Anderson, Lewis Grayson Smyer, Lyle B. Faber, Marek Stawiski, Marilyn A. Dahms, Mark Hinman, Marlin D. Collier, Marvin Triplett, Matthew J. Benetti, Maxa Beam Searchlights, Inc., Mimbres Internal Medicine P.A., Morrow & Company CPAS, North County Oncology Medical Clinic, Inc., Pyra Cap Inc., RaDCon, PC, Richard W. Wilson, Rosalind D. Triplett, Stanley G. Hopp, Stephen C. Klasson, Stephen J. Kroll, Terry L. McVey, THECO, Inc., Timothy W. Teslow, MD, Tony Zakhem, Warren Hutchings, Waterfront Funding Group, WKNB Productions LLC for an Order compelling the Deposition and Production of Documents by JEROME M. HESCH for use in Proceedings before The Eastern Caribbean Supreme Court in the High Court of Justice of the British Virgin Islands.

MEMORANDUM OF LAW

07-20585
MC■ - GOLD

MAGISTRATE JUDGE
TURNOFF

-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 PERMITTING DISCOVERY OF RESIDENTS OF THE SOUTHERN DISTRICT, STATE OF FLORIDA**

- 1 -

I.      PRELIMINARY STATEMENT.

1.      Section 1782 of Title 28 of the United States Code authorizes a United States District Court, upon application of an interested person, to order a person residing in the district to give testimony or produce documents for use in a foreign proceeding. The present application, submitted by Applicants who are Defendants in an action in the High Court of Justice of the British Virgin Islands (the "Boston Life Action"), and Applicants in a pending Application to appoint a Liquidator or Receiver for Boston Life under the British Virgin Island Insolvency Act (the "Insolvency Action") or under equitable principles, satisfies the requirements of the statute in all respects and should be granted in its entirety. As the relevant facts are fully set forth in the accompanying Application, to which we respectfully refer the Court, they will not be repeated here.

II.     28 U.S.C. § 1782 PERMITS THE DISCOVERY SOUGHT IN THIS CASE.

2.      28 U.S.C. § 1782 provides, in pertinent part, that "the district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to . . . the application of any interested person. . . ." 28 U.S.C. § 1782(a). The present Application fulfills the requirements of the statute.

3. Applicants seek discovery from (1) Jerome M. Hesch, Esq. ("Mr. Hesch"), who resides or may be found in Miami-Dade County, within the jurisdiction of this Court, for use in the Boston Life Action, in which Applicants are the named defendants, and in the contemplated Liquidation/Receivership proceedings in which other parties will be the named applicants. See, Application of Malev Hungarian Airlines, 964 F.2d 97, 101 (2d Cir. 1992) (named defendant in a complaint filed in the Municipal Court of Budapest, Hungary, deemed an "interested person." The Applicants respectfully submit that, by analogy, this finding applies equally to them).

4. The Application also satisfies the overarching policy of Section 1782 to "provid[e] equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects." Euromepa S.A. v. R. Emersian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995); see, Intel Corporation v. Advanced Micro Devices, Inc., 124 S. Ct. 2466, 2473 - 2474 (2004) (discussion of legislative history of Section 1782).

5. In Euromepa, *supra.*, the United States Court of Appeals for the Second Circuit underscored the central role played by policy and purpose in the evaluation of a § 1782 request:

> We have previously instructed the district courts in this Circuit to evaluate discovery requests under section 1782 in light of the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. Euromepa, 51 F.3d at 1097.

In furtherance of these salutary objectives, assistance to participants in foreign litigation and investigations under Section 1782 is strongly encouraged. "We read section 1782's investment of broad discretion to the district courts as an invitation for district judges to fashion creative means of implementing the statute's double goal. . . ." Id., at 1102. However, "a district court is not required to grant a § 1782 (a) discovery application simply because it has the authority to do so." Intel, *supra.*, at 2482.

6. Guided by the statute's guiding policy of providing efficacious assistance to foreign litigants, the U.S. Supreme Court and courts of the Second Circuit have reaffirmed that Section 1782 does not require (i) evidence that "United States law would allow discovery in domestic litigation analogous to the foreign proceeding," (ii) reciprocity as a predicate to the grant of assistance, or (iii) that applicants must first seek information through the foreign tribunal before requesting discovery from a United States District Court. Id.; Euromepa, 51 F.3d at 1098; Malev, 964 F.2d at 100.

7.  And in furtherance of this construction, the Supreme Court has rejected any requirement that the discovery sought in the United States be available under the laws of the foreign country. Intel, 124 S. Ct. at 2482; *see also*, Euromepa, 51 F.3d at 1098; In Re Application of Aldunata, 3 F.3d 54, 59 (2d Cir. 1993) (rejecting "any implicit requirement that any evidence sought in the United States be discoverable under the laws of the foreign country").

8.  The Second Circuit has eschewed an extensive examination of foreign law regarding the existence and extent of discovery procedures in the foreign country:

    > Rather, we believe that a district court's inquiry into discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782 . . . . Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in "providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects." Euromepa, 51 F.3d at 1100 (citation omitted.)

9.  Discovery in this matter would promote fair adjudication of the Boston Life Action and, if necessary, of the Contemplated Actions (as defined below). For example, information regarding the fact that Denis Kleinfeld is the true beneficial and/or secret owner of Boston Life, and contrived, directed, and masterminded all the business and legal relations among Boston Life, the Kleinfeld Law Firm and its clients and the persons who purchased the "Refund Plus" or "Premium Return" insurance products offered by Boston Life through "strawpersons," Rick May and

Leo Ford; as a part of a widespread, systematic program directed at avoidance of United States taxation, for his personal benefit and enrichment, if provided by Jerome M. Hesch as sought under the Application, is likely to reveal the true nature of the fraud committed against the Applicants by redirecting their assets and income through multiple foreign entities which are secretly owned and controlled by essentially the same cast of characters conspiring to separate the Applicants from their money. *"Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."* Intel, supra., at 2480.

10. Similarly Mr. Hesch is likely to be able to provide documentation which will assist in re-constructing cash movements, the origin of those payments and in obtaining the locations and depositions of former employees of Boston Life and the various foreign entities used in promotion of the Refund Plus Insurance Scheme. This evidence, if obtained, will assist the Judge presiding over the Boston Life Action, and may also assist the High Court in the anticipated Insolvency/Receivership Action, as well as additional actions for relief in other courts which are presently contemplated by the Applicants (collectively, the "Contemplated Actions"), in order to locate, preserve and recover the proceeds of the fraud that the Applicants complain of at the hands of the Boston Life and its officers.

11. If this Application is denied, it will be difficult to secure the evidence of the Respondent as he does not fall within the jurisdiction of the proceedings currently extant or contemplated. *"[N]on-participants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence their evidence, available in the United States, may be unobtainable absent § 1782 (a) aid."* Id., *at 2483.*

12. Where, as in this Application, the requirements of Section 1782 are satisfied and there is no demonstrable unfairness in providing discovery, nor limitation imposed, by the High Court of Justice of the British Virgin Islands, that would preclude use of evidence gained thereby in either the Boston Life Action or in the anticipated Insolvency/Receivership Action. District Court precedents strongly suggest that assistance should be granted. *"Absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance."* Euromepa, *51 F.3d at 1102.*

III. CONCLUSION.

13. For the foregoing reasons, the Applicants request that an order, pursuant to 28 U.S.C. § 1782, be entered in the form presented herewith permitting the issuance

and service of deposition subpoenas ad testificandum and duces tecum on the Respondents.

Dated: February 2nd 2007    Respectfully Submitted,
Miami, Florida

                                  **KIERAN P. FALLON, P.A.**
436 SW 8th Street, Suite 200
Miami, Florida 33130
Tel: (305) 961-2900
Fax: (305) 857-9239
Email: fallon@kfallonlaw.com
Attorneys for the Applicants

By: _____
Kieran P. Fallon, Esq.
Florida Bar No: 345679